UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 08-cr-00273 |
| Plaintiff, | : | OPINION & ORDER |
|  | : | [Resolving Docs. 168, 171, 173] |
| vs. | : |  |
| KEITH SMITH, | : |  |
| Defendant. | : |  |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Defendant Keith Smith requests a reduced sentence under the compassionate release statute, 18 U.S.C. § 3582.[1] The Government opposes.[2]

For the following reasons, the Court **DENIES** Smith's motion for compassionate release.

I. Background

In December 2008, Defendant Smith pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute cocaine. In January 2009, this Court sentenced Smith to 120 months imprisonment and five years supervised release.[3] In April 2015, this Court reduced Smith's sentence to 86 months imprisonment and five years supervised release.[4]

---

[1] Docs. 168, 171, 173.
[2] Doc. 174.
[3] Doc. 52.
[4] Doc. 128.

Case No. 08-cr-00273
GWIN, J.

In January 2020, Smith violated the terms of his supervised release. This Court sentenced him to 36 months imprisonment.[5] Smith is scheduled for release in July 2022.[6]

## II. Discussion

On June 25, 2020, Smith moved for compassionate release.[7] Smith requests a sentence reduction because he suffers from asthma, which can increase his risk for serious illness if he contracts COVID-19.[8]

The Government opposes. The Government contends that Smith has not exhausted his administrative remedies, that Smith's moderate asthma does not presently warrant compassionate release, and that the § 3553 factors do not support Smith's motion.[9]

### A. Exhaustion

The Court may modify a defendant's sentence upon a motion from the defendant if the defendant filed the motion thirty or more days after the defendant sent a compassionate release request to their warden.[10]

Smith states that he asked the FCI Hazelton warden for a sentence reduction on June 22, 2020.[11] But Smith did not provide any documentation of this request.[12] Therefore, the

---

[5] Doc. 163.
[6] Doc. 174.
[7] Doc. 168.
[8] Docs. 168, 171, 173; *see also People with Certain Medical Conditions*, Center for Disease Control and Prevention (Dec. 29, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.
[9] Doc. 174.
[10] 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Alam*, 960 F.3d 831, 834–35 (6th Cir. 2020).
[11] Docs. 168, 171, 173.
[12] *See* Doc. 173 at 3.

Case No. 08-cr-00273
GWIN, J.

Court finds that Smith has failed to demonstrate that he has exhausted his administrative remedies.[13]

### B. Eligibility

Generally, to grant compassionate release, a court must: (1) "find that extraordinary and compelling reasons warrant [a sentence] reduction,"[14] (2) "ensure that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (3) "consider[ ] all relevant sentencing factors listed in 18 U.S.C. § 3553(a)."[15]

However, there are presently no applicable Sentencing Commission policy statements for inmate-filed compassionate release motions.[16] Therefore, in cases, as here, where an inmate files a motion on their own behalf, the court "may skip step two."[17]

Even if Smith had met the statutory exhaustion requirement, the Court would still deny Smith's motion.

Smith has not demonstrated an extraordinary and compelling reasons warrant a sentence reduction. While Smith's medical records establish that Smith suffers from moderate asthma, the condition appears well-managed.[18] Indeed, the Government points

---

[13] *See U.S. v. Pack*, No. 17-CR-20002-10, 2020 WL 5648581 at *3 (W.D. Tenn. Sept. 22, 2020).

[14] "[I]n the absence of an applicable policy statement for inmate-filed compassionate-release motions, district courts have discretion to define 'extraordinary and compelling' on their own initiative." *U.S. v. Elias*, – F.3d —, No. 20-3654, 2021 WL 50169, *2 (6th Cir. Jan. 6, 2021).

[15] *Id.* (citing *U.S. v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A))) (internal quotation marks omitted).

[16] *See Elias*, 2021 WL 50169 at *2 ("[U.S.S.G.] § 1B1.13 is not an applicable policy statement for compassionate-release motions brought directly by inmates, and so district courts need not consider it when ruling on those motions."); *Jones*, 980 F.3d at 1108 (stating that "[t]he Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13" but explaining that "§ 1B1.13 does not 'appl[y]' to cases where an imprisoned person files a motion for compassionate release.").

[17] *Jones*, 980 F.3d at 1111.

[18] Doc. 173-1.

Case No. 08-cr-00273
GWIN, J.

out that Smith has not had an asthma attack in the last year.[19] Therefore, the Court is not persuaded that Smith's asthma presently necessitates compassionate release.

Moreover, the § 3553 do not support a sentence reduction. Smith is incarcerated because he possessed a relatively significant quantity of cocaine while on supervised release for a drug trafficking conviction.[20]

### III. Conclusion

Smith has not shown administrative exhaustion; therefore, the Court **DENIES** without prejudice Smith's compassionate release motion pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).

IT IS SO ORDERED.

Dated: January 14, 2021                    s/     *James S. Gwin*
                                           JAMES S. GWIN
                                           UNITED STATES DISTRICT JUDGE

---

[19] Doc. 174 at 9–10.
[20] *Id.* at 14.