UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | : | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 4:08-cr-00273 |
| | : | |
| Plaintiff, | : | OPINION & ORDER |
| | : | [Resolving Doc. 180] |
| v. | : | |
| | : | |
| KEITH SMITH, | : | |
| | : | |
| Defendant. | : | |
| | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Defendant Keith Smith requests a reduced sentence under the compassionate release statute 18 U.S.C. § 3582(c)(1)(A).[1] Defendant argues relief should be granted because of health issues and his pending case in this district. The Government opposes Smith's request.[2]

In deciding this motion, the Court must determine whether "extraordinary and compelling reasons" exist to warrant a reduction in sentence.[3] The Court must then consider the sentencing factors set forth in 18 U.S.C. § 3553 and determine whether the reduction is warranted in whole or in part under the circumstances of the case.[4]

For the following reasons, the Court **GRANTS** Defendant Smith's motion for compassionate release.

I. Background

In December 2008, Defendant Smith pleaded guilty to one count of conspiracy to

---

[1] Docs. 180; 184.
[2] Doc. 183 (Sealed).
[3] 18 U.S.C. § 3582(c)(1)(A); *United States v. Jones*, 980 F.3d 1098, 1108 (6th Cir. 2020) (holding federal judges have full discretion to define extraordinary and compelling).
[4] 18 U.S.C. § 3582(a); *Jones*, 980 F.3d at 1108 (internal quotation omitted).

Case No. 4:08-cr-00273
GWIN, J.

distribute and to possess with intent to distribute cocaine.[5] In January 2009, this Court sentenced Smith to 120 months imprisonment and five years supervised release.[6] In April 2015, this Court reduced Smith's sentence to 86 months imprisonment and five years supervised release.[7]

In January 2020, Smith violated the terms of his supervised release. For the supervised release violation, the Court sentenced him to 36 months imprisonment.[8] In June 2020, Smith moved for compassionate release on this sentence.[9] This Court denied that motion.[10] Smith is scheduled for release on this case in July 2022.[11]

## II. Discussion

Smith moves for compassionate release on the term of imprisonment imposed in January 2020 for violating the terms of his supervised release. He says that relief should be granted because of health issues and his pending case in this district.[12] The Government opposes.[13]

### A. Exhaustion

The Court may modify a defendant's term of imprisonment upon a motion from a defendant once 30 days have expired since the warden of the defendant's facility received such a motion from the defendant.[14] On November 23, 2021, Smith wrote a letter to the NEOCC Assistant Warden requesting compassionate release.[15] The Warden did not

---

[5] Doc. 48 (Sealed).
[6] Doc. 52.
[7] Doc. 128.
[8] Doc. 163.
[9] Docs. 168; 171; 173.
[10] Doc. 176. The Court denied that motion without prejudice after finding that Smith had neither exhausted administrative remedies nor demonstrated extraordinary or compelling circumstances to justify a reduction.
[11] Doc. 180 at 3.
[12] Docs. 180; 184.
[13] Doc. 183 (Sealed).
[14] 18 U.S.C. § 3582(c)(1)(A); *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020).
[15] Doc. 180-1.

- 2 -

Case No. 4:08-cr-00273
GWIN, J.

respond. Because more than 30 days have passed since Smith's request, he has satisfied the exhaustion requirement.

### B. Eligibility

Under the compassionate release statute, the Court may "reduce the term of imprisonment []and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment[]."[16]

To grant compassionate release, the Court must first find "extraordinary and compelling reasons" warranting a reduction in sentence.[17] The Court must then consider the sentencing factors set forth in 18 U.S.C. § 3553 and determine whether the reduction is warranted in whole or in part under the circumstances of the case.[18] The Sixth Circuit has held that the Sentencing Commission's policy statement is not binding in considering compassionate release motions.[19]

Defendant Smith argues that his significant health issues and his pending case in this district constitute extraordinary and compelling circumstances warranting a reduction in his sentence.[20]

In January 2020, this Court sentenced Smith to 36 months imprisonment for violating the terms of his supervised release. In February 2021, Smith was indicted for the same conduct used to support the supervised release violation.[21] Smith pled guilty in that case and awaits sentencing. A detention order is in place in that case. Smith therefore

---

[16] 18 U.S.C. § 3582(c)(1)(A).
[17] *Id.*; *Jones*, 980 F.3d at 1108 (holding federal judges have full discretion to define extraordinary and compelling).
[18] 18 U.S.C. § 3582(a); *Jones*, 980 F.3d at 1108 (internal quotation omitted).
[19] *See United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).
[20] Doc. 180.
[21] *Id.* at 3; *United States v. Smith*, Case No. 4:21-CR-00117 (N.D. Ohio 2021).

- 3 -

Case No. 4:08-cr-00273
GWIN, J.

seeks compassionate release in this case so he may seek bond in his other case and receive medical treatment in the community before his sentencing.

Because Smith has less than four months left on his sentence in this case, because he remains detained in his pending case, and because he faces a significant term of imprisonment in his pending case based on the same conduct as this case, this Court finds that extraordinary and compelling circumstances exist warranting a sentence reduction.

Once a Court has identified an extraordinary and compelling reason warranting a sentence reduction, the Court must consider any applicable 18 U.S.C. § 3553 factors and determine whether the reduction is warranted under the circumstances of the case.[22] The Court finds that reduction is warranted here.

### III.     Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant Smith's motion for compassionate release.  The Court reduces Smith's sentence in this case to time served.

IT IS SO ORDERED.

Dated: March 25, 2022                                   s/    James S. Gwin
                                                        JAMES S. GWIN
                                                        UNITED STATES DISTRICT JUDGE

---

[22] 18 U.S.C. § 3582(a); 18 U.S.C. § 3553; *Jones*, 980 F.3d at 1108 (internal quotation omitted).  Such sentencing factors include, *inter alia*, "the nature and circumstances of the offense and the history and characteristics of the defendant;" "the need for the sentence imposed" to "reflect the seriousness of the offense" and to "protect the public from further crimes of the defendant".